IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Land in  :
Bucks County, Pennsylvania   : No. 1127 C.D. 2015
Located at 183 Buck Road    : Argued: May 13, 2016
Tax Map Parcel No. 31-026-059-002 :
            :
Appeal of: Mill Race Inn, Ltd.   :


BEFORE:  HONORABLE ROBERT SIMPSON, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY SENIOR JUDGE FRIEDMAN    FILED: June 14, 2016


    Mill Race Inn, Ltd. (Mill Race) appeals from the June 8, 2015, order of the Court of Common Pleas of Bucks County (trial court), which overruled Mill Race's preliminary objections to the declaration of taking (Declaration) filed by the Redevelopment Authority of the County of Bucks (Authority). The Declaration seeks to condemn real property located at 183 Buck Road in Holland, Bucks County (Property) and owned by Mill Race. We affirm.


    Built in 1787, the Property gradually fell into disrepair and disuse. The Property was further damaged by severe storms in 1999 and 2001 and has remained vacant since that time. In August 2005, Mill Race purchased the Property at a tax sale. After purchasing the Property, Mill Race made certain improvements by removing debris and securing entryways to the Property. Between 2005 and 2012, Mill Race and Northampton Township (Township) exchanged correspondence about prospective development plans for the Property. Also during this time, the Township

periodically issued violation notices to Mill Race as a result of the Property's physical condition.

On April 16, 2013, the Township sent Mill Race written notice (First Notice) that the Township's Blighted Property Review Committee and Planning Commission had each passed a resolution declaring the Property blighted pursuant to the Urban Redevelopment Law (URL), Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§1701-1719.2. The First Notice listed the reasons for the blight determination[1] and informed Mill Race that it had 30 days to either obtain the requisite permits to rectify the blight conditions or file an appeal with the Township Zoning Hearing Board. The First Notice also attached copies of both resolutions, which identified eight blight conditions recognized in section 12.1(c) of the URL, 35 P.S. §1712.1(c).[2] Mill Race initially appealed the First Notice but later withdrew its appeal.

---

[1] The First Notice stated that "the building and property ha[ve] the following deficiencies:

- Roof, wall, and foundation damage resulting in structural instability of the building.
- Chimney in a state of disrepair and structurally not stable.
- Holes in the exterior walls and open areas throughout the building.
- Heavy damage to the soffits, including open access to the building, and gutter damage.
- Broken windows providing access to the building.
- Exposed wires creating an electrical hazard.
- Property and building conducive to the breeding of rodents and insects."

(Twp.'s Ex. J.)

[2] Added by Section 2 of the Act of June 23, 1978, P.L. 556. The resolutions identified the following blight conditions: (1) a property that, due to its physical condition, is regarded as a public nuisance; (2) a property that, due to its physical condition, is considered an attractive nuisance to children; (3) a structure that is a fire hazard or otherwise dangerous to persons or property; (4) a **(Footnote continued on next page…)**

On April 1, 2014, the Township sent Mill Race a second notice (Second Notice), again stating that the Planning Commission had declared the Property blighted in April 2013 and attaching a copy of the Planning Commission's resolution. The Second Notice also stated that Mill Race had taken no action to correct the deficiencies identified in the First Notice and granted Mill Race an additional 30 days to begin corrective measures.

On May 27, 2014, the Authority filed its Declaration, seeking to condemn the Property. On June 30, 2014, Mill Race filed preliminary objections to the Declaration, challenging, *inter alia*, the validity of the Township's blight determination and notice. The trial court held an evidentiary hearing on March 26, 2015. At the hearing, Thomas F. Crawford, Esquire, appeared in dual capacity as both counsel for and principal of Mill Race and testified on Mill Race's behalf. Following the hearing, the trial court overruled Mill Race's preliminary objections. In its opinion, the trial court concluded that Mill Race failed to meet its burden of proving that the Authority's blight determination violated the URL or that the Authority acted in bad faith. Mill Race now appeals from that decision.[3]

---

**(continued…)**

structure from which plumbing, heating, sewer, or other utilities have been disconnected; (5) a vacant or unimproved lot in a predominately built-up neighborhood that has become a place for the accumulation of trash or a haven for rodents; (6) an unoccupied property that has been tax delinquent for two years; (7) a property that is vacant but not tax delinquent that has not been rehabilitated within one year of the property owner's receipt of notice to rehabilitate from the appropriate code enforcement agency; and (8) an abandoned property. (*See* Twp.'s Exs. J & P.)

[3] Our scope of review in a condemnation case is limited to determining whether the trial court abused its discretion or committed an error of law. *Smucker v. Lancaster City Planning Commission*, 74 A.3d 349, 352 n.8 (Pa. Cmwlth. 2013).

First, Mill Race asserts that the First Notice did not satisfy the requirements of section 12.1 of the URL because it was titled, "Violation Notice No. 2013-35," and referred to violations of the Township's zoning ordinance and building code. Mill Race also asserts that the Second Notice failed to comply with section 12.1(c)(8) of the URL, 35 P.S. §1712.1(c)(8), which requires a one-year notice to rehabilitate when a property is deemed blighted due to vacancy. We disagree with both contentions.

> A condemnation proceeding under the URL must include:
>
> a review by a blighted property review committee; the committee's certification to the planning commission that the property is blighted; service of a notice of blight determination upon the property owner; notice to the property owner of the opportunity to correct the conditions; and notice that failure to correct the blight conditions may subject the property to condemnation.

*In re Condemnation of Lands Situate and Being in the City of Scranton*, 41 A.3d 175, 179-80 (Pa. Cmwlth. 2012). With regard to notice, section 12.1(e)(2) of the URL requires the condemnee to serve on the condemnor a "notice of the determination that the property is blighted, together with an appropriate order to eliminate the conditions causing the blight and notification that failure to do so may render the property subject to condemnation under this act." 35 P.S. §1712.1(e)(2).

Here, it is undisputed that the Township served the First Notice on Mill Race in April 2013. Regardless of its title, the First Notice satisfied all of the requirements of section 12.1(e)(2) of the URL. The First Notice listed the reasons for the blight determination and informed Mill Race that it had 30 days to either obtain

the permits needed to correct the blight conditions or file an appeal. The First Notice also attached copies of both Township resolutions, which identified eight blight conditions recognized by the URL. Finally, the First Notice stated that if Mill Race failed to take corrective measures within 30 days, the Property may be subject to condemnation. *See Redevelopment Authority of the City of York v. Bratic*, 45 A.3d 1168, 1175 (Pa. Cmwlth. 2012) (finding that the condemnor properly exercised its discretion regarding whether or within what time period the condemnee was permitted to remediate after receiving a notice of blighted property under the URL).

We also reject Mill Race's claim that the Second Notice was a notice to rehabilitate under section 12.1(c)(8) of the URL and, thus, Mill Race should have been granted one year from April 1, 2014, to rehabilitate the Property. We agree with the Township that the Second Notice was merely a second notice of blight determination under section 12.1(e)(2). The Second Notice reiterated that the Planning Commission had declared the Property blighted in April 2013 and attached a copy of the resolution. The Second Notice also stated that Mill Race had taken no action to correct the deficiencies identified in the First Notice and granted Mill Race an additional 30 days to begin corrective measures. Although section 12.1(e)(2) of the URL requires only one written notice to the property owner, here the Township provided Mill Race with a second notice and gave it additional time to rectify the blight conditions, which it was not required to do. *See Bratic*, 45 A.3d at 1174-75 ("[A] . . . [c]ondemnor is under no obligation to provide owners of blighted properties an opportunity to remediate. . . . The URL leaves the determination of the time period allowed for remediation within the discretion of the [c]ondemnor.") Still, Mill Race made no effort to remediate the Property between its receipt of the First Notice and the filing of the Declaration.

5

Next, Mill Race asserts that the Township "abandoned" the First Notice because it did not initiate condemnation proceedings until one year later. We disagree. The record contains correspondence between the Township and Mill Race indicating that Mill Race had appealed the First Notice but later withdrew its appeal. The next correspondence was on March 17, 2014, when the Authority requested a meeting with Mill Race to review the Property's status. Thereafter, on April 1, 2014, the Township sent the Second Notice, which referenced the terms of the First Notice. In the Second Notice, the Township stated that after receiving the First Notice, Mill Race had "indicated a desire and intent . . . to rehabilitate the Property. Regrettably, many months have passed since that desire and intent was communicated to the Township, with no action to correct the deficiencies having been undertaken by the owner of the Property." (Twp.'s Ex. P.) Thus, despite its receipt of two blight notices over the course of one year, Mill Race failed to correct any of the blight conditions before the Authority filed its Declaration.

Mill Race further argues that the Township improperly declared the Property blighted under a "catchall" provision that does not exist in the URL. Mill Race claims that the Second Notice failed to specify which deficiency resulted in the blight determination. The resolution attached to the Second Notice stated only that the Property was deemed blighted "because of the existence of a combination of some or all of the conditions enumerated above," (Twp.'s Ex. P), which Mill Race contends is not permitted by the URL. This claim lacks merit. The Second Notice specifically referenced the terms of the First Notice, which identified the Property's blight conditions. (*See* Twp.'s Ex. J.) Moreover, the resolution attached to the Second Notice identified eight blight conditions recognized by the URL and correctly

6

stated that a property is deemed blighted if it satisfies any *one* of those conditions. *See* 35 P.S. §1712.1(c).

Finally, Mill Race asserts that the Township violated section 204(a) of the Property Rights Protection Act (PRPA), which prohibits the condemnation of private property for private use.[4]  Mill Race claims that because the Township failed to strictly comply with the notice requirements of section 12.1 of the URL, the condemnation does not fall within the exception in section 204(b) of the PRPA.  We disagree.

As discussed *supra*, the trial court correctly concluded that the Township satisfied the notice requirements of section 12.1(e)(2) of the URL.  Furthermore, to the extent that Mill Race is arguing that the Township acted in bad faith, the record shows that the Township made substantial efforts to work with Mill Race over the course of several years to redevelop or restore the Property.  However, Mill Race failed to follow through with any of its proposals to restore the Property.  In fact, at the hearing, Crawford admitted that, but for minor repairs, the Property remains in generally the same physical condition as outlined in the Township's March 2013 Blighted Property Report.  (N.T., 3/26/15, at 42-43.)  Therefore, Mill Race failed to establish that the Township acted in bad faith.

---

[4] Section 204(a) of the PRPA provides that "[e]xcept as set forth in subsection (b), the exercise by any condemnor of the power of eminent domain to take private property in order to use it for private enterprise is prohibited."  26 Pa. C.S. §204(a).  Section 204(b)(6) of the PRPA provides that "[s]ubsection (a) does not apply if . . . [t]he property taken is acquired by a condemnor pursuant to section 12.1 of the [URL]."  26 Pa. C.S. §204(b)(6).

Accordingly, because we conclude that the trial court properly overruled Mill Race's preliminary objections, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation of Land in : 
Bucks County, Pennsylvania : No. 1127 C.D. 2015
Located at 183 Buck Road : 
Tax Map Parcel No. 31-026-059-002 : 
 : 
Appeal of: Mill Race Inn, Ltd. : 

O R D E R

AND NOW, this 14th day of June, 2016, we hereby affirm the June 8, 2015, order of the Court of Common Pleas of Bucks County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge